IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILBERT ROMON BANKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:14-CV-251-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Petitioner Wilbert Romon Banks ("Banks") moves for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons that follow, the court denies the motion.

I

The court will confine its discussion of the background facts and procedural history to those that relate directly to Banks's motion. In October 2011 Banks pleaded guilty to a Texas indictment that included the offense of capital murder. The state trial court accepted Banks's plea, entered a judgment of conviction against him, and sentenced him to life without the possibility of parole. Proceeding *pro se*, Banks pursued a direct appeal, which the state intermediate appellate court dismissed based on an appeal waiver.[1] Banks then filed a *pro se* state habeas corpus petition, which the Texas Court of Criminal Appeals denied

---

[1]Banks did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

without a written order on the findings of the trial court, and without a hearing.

In December 2014 Banks filed a *pro se* federal habeas corpus petition in this court, alleging the following three claims of ineffective assistance of trial counsel: (1) counsel told him he would have 30 days to withdraw his guilty plea; (2) counsel coerced him into waiving a jury trial by informing him that he would face a predominantly white jury that would convict him solely based on his race; and (3) counsel failed to challenge the racial make-up of the grand and petit juries. The magistrate judge recommended that Banks's habeas petition be denied on the merits on claim one, as unexhausted in the Texas Court of Criminal Appeals on claim two (and therefore procedurally barred), and as waived on claim three.

Banks requested and received two extensions of time in which to file objections to the magistrate judge's report and recommendation. In the order granting the second extension of time, Banks was admonished that no further extensions would be granted. Banks failed to file objections by the court-ordered deadline. Having received no objections, Judge Robinson adopted the magistrate judge's report and recommendation and denied Banks's habeas application. Banks did not take a timely appeal.

On November 5, 2018, almost one year after judgment was entered in this case, Banks filed the instant Rule 60(b) motion, alleging that his failure to file objections to the magistrate judge's report and recommendation was justified by excusable neglect, and that his attorney's advice that he plead guilty to avoid being tried by an all-white jury who would automatically convict him because of his race resulted in a miscarriage of justice. In conjunction with his Rule 60(b) motion, Banks also filed objections to the magistrate judge's report and

recommendation, in which he contends that the magistrate judge's determination that the court was procedurally barred from considering the merits of Banks's second ineffective assistance of counsel claim is contrary to the decisions of the Supreme Court of the United States in *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012).

II

A

Under Rule 60(c)(1), any "motion under Rule 60(b) must be made within a reasonable time," unless good cause can be shown for the delay. *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "Good cause" for a reasonable delay must be "evaluated on a case-by-case basis." *Id*. (quoting *In re Osborne*, 379 F.3d at 283). "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, . . . he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When the moving party has failed to appeal the judgment challenged in the Rule 60(b) motion, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[(c)]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985); *see also Groden v. Allen*, 2009 WL 1437834, at *7 (N.D. Tex. Mar. 31, 2009) (Ramirez, J.) (holding

Rule 60(b) motion to be untimely under Rule 60(c) when petitioner filed it outside the time for appeal and failed to show good cause for the delay), *rec adopted*, 2009 WL 1437834, at *1 (N.D. Tex. May 22, 2009) (Fitzwater, C.J.). "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor*, 769 F.2d at 288.

B

The judgment in this case was entered on November 8, 2017. Banks inexplicably waited almost an entire year before filing his Rule 60(b) motion seeking relief from the judgment. Although Banks contends that he failed to timely object to the magistrate judge's report and recommendation because he was unable to communicate with another inmate who possessed some of his legal documents after that inmate was unexpectedly transferred to another unit on November 16, 2016, he provides no explanation for his failure to timely file his Rule 60(b) motion.[2] Nor can the court on its own discern any valid basis for the delay.

In his Rule 60(b) motion, Banks contends that "[i]t would constitute a travesty and egregious compromise of justice" if his guilty plea—which he allegedly entered based on his attorney's advising him that he would be tried by a jury of all white jurors who would

---

[2]Assuming *arguendo* that Banks intended to rely on the transfer of his fellow inmate as a justification for the delay in filing his Rule 60(b) motion, the court concludes that neither the inability to confer with a fellow inmate regarding legal strategy nor the inability to access unidentified "legal documents" that predate the court's judgment by nearly one year constitutes good cause for an unreasonable delay in filing a Rule 60(b) motion.

automatically convict him because of his race—were allowed to stand.³ P. Mot. at 2-3. This ground for relief, however, was available to Banks at the time he initially filed his federal habeas petition. In that petition, filed on December 12, 2014, Banks asserted a claim for ineffective assistance of counsel based on his trial counsel's "coerc[ing] [him] into waiving his right to a jury trial by informing [Banks] that his jury would be made up of white people who don't like black men and would convict [Banks] solely based on his race." Pet. at 6. There is no reason why Banks could not have timely filed a Rule 60(b) motion based on this ground.

To the extent that Banks bases his Rule 60(b) motion on the contention, advanced in his instant objections to the magistrate judge's report and recommendation, that the court failed to correctly apply *Martinez* and *Trevino* in concluding that Banks's second ineffective assistance of counsel claim was time-barred, Banks raised this argument in his traverse to the answer, which he filed on May 26, 2015. *See* Traverse at 6-7 (contending that second ineffective assistance of counsel claim was not procedurally barred under *Trevino* and *Martinez*). He has provided no reason why he could not have filed a Rule 60(b) motion based on this same ground within a reasonable amount of time after the court entered judgment in this case.

In sum, Banks has not presented any valid excuse for belatedly filing his Rule 60(b)

---

³Because the court concludes that Banks's Rule 60(b) motion is untimely, it does not address whether this ground of his motion would be barred under 28 U.S.C. § 2244 as a successive habeas petition.

motion. To the contrary, it appears that he is impermissibly attempting to use Rule 60(b) to remedy his own failure to file a timely appeal of the judgment against him based on legal arguments of which he has long been aware. The court concludes that Banks's nearly one-year delay in filing his Rule 60(b) motion was not reasonable under the circumstances of this case, and that Banks has failed to provide the court with good cause for the delay.[4] Accordingly, the court dismisses Banks's Rule 60(b) motion as untimely.

III

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this

---

[4]Rule 60(c) provides: "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) *no more than a year after the entry of the judgment or order or the date of the proceeding.*" (emphasis added). In his Rule 60(b) motion, Banks contends that his failure to timely file objections to the magistrate judge's report and recommendation was the result of "excusable neglect," which is a ground for relief under Rule 60(b)(1). Even if the court were to assume *arguendo* that Banks's "excusable neglect" ground for relief under Rule 60(b) is timely—it was filed just three days shy of one year after the entry of judgment—the court nonetheless denies Banks's motion on this ground. As explained above, *see supra* note 2, neither the inability to confer with a fellow inmate regarding legal strategy nor the inability to access unidentified "legal documents" that predate the court's judgment by nearly one year constitutes "excusable neglect" sufficient to justify relief under Rule 60(b)(1). *See, e.g., Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) ("The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se. Our circuit's rule is that the excusable neglect standard is a strict one, requiring more than mere ignorance[.]" (citations omitted)).

court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If petitioner files a notice of appeal,

( )     petitioner may proceed *in forma pauperis* on appeal.

(**X**)     petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

\*   \*   \*

Accordingly, Banks's November 5, 2018 motion for relief from final judgment pursuant to Rule 60(b) is denied.

**SO ORDERED**.

March 27, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE